**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALESYA M. PASCHAL,
    Appellant,

   v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
AT-0752-16-0740-I-1

DATE: February 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vicki Fuller</u>, Redstone Arsenal, Alabama, for the appellant.

<u>Kathryn R. Shelton</u>, Redstone Arsenal, Alabama, for the agency.

<u>Daniel Dougherty</u>, Colorado Spring, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

   The appellant has filed a petition for review of the initial decision, which sustained her indefinite suspension based upon the agency's suspension of her access to classified information and networked information technology systems. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed as a General Engineer. Initial Appeal File (IAF), Tab 8 at 21. Effective April 4, 2016, the appellant was suspended for 30 days based upon sustained charges of discourtesy towards a supervisory official, lack of candor (inaccurate statements), and discourtesy towards a management official.[2] IAF, Tab 18 at 29. On April 11, 2016, the agency informed the appellant that it suspended her access to classified information and networked information technology systems because of the 30-day suspension. *Id*. at 27. Subsequently, on May 3, 2016, the agency proposed to indefinitely suspend the appellant because her access to classified information was a condition of her General Engineer position, the agency suspended such access, and she was therefore unable to satisfy a requirement of her position. *Id*. at 13. The appellant presented oral and written replies to the proposed indefinite suspension. IAF, Tab 12 at 5, 13-20. The agency imposed the indefinite suspension, effective

---

[2] The Board sustained the 30-day suspension. *Paschal v. Department of Defense*, MSPB Docket No. AT-0752-16-0498-I-1, Final Order (Feb. 5, 2024).

July 10, 2016. IAF, Tab 9 at 66. The decision letter stated that the "indefinite suspension will continue until the Central Adjudication Facility's [CAF's] final determination regarding the suspension/revocation of [her] security clearance" and "the agency is on notice that the security matter is resolved." *Id.*

The appellant filed the instant Board appeal challenging the indefinite suspension and requesting a hearing. IAF, Tab 1. After holding the requested hearing, Hearing Transcript (HT), the administrative judge issued an initial decision that sustained the indefinite suspension, IAF, Tab 33, Initial Decision (ID). In pertinent part, the administrative judge found that the appellant's position required a security clearance, and her access to classified information was suspended pending a final determination regarding her clearance. ID at 5. He further found that the agency provided her with due process, did not commit harmful error, and imposed a valid condition subsequent in the indefinite suspension decision letter.[3] ID at 5-9.

The appellant has filed a petition for review, the agency has responded in opposition to her petition, and she has replied. Petition for Review (PFR) File, Tabs 1-2, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d). 5 U.S.C. § 7512(2); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016). An agency may indefinitely suspend an appellant when her access to classified information has been suspended and she needs such access to perform her job.[4] *Palafox*, 124 M.S.P.R. 54, ¶ 8. In such a case, the Board lacks the authority to review the merits of the decision to suspend the employee's access. *Id.* Instead, the Board will only review whether (1) the appellant's position required access to classified

---

[3] The appellant does not challenge the administrative judge's finding that the decision letter contained a valid condition subsequent, ID at 9, and we discern no error with the administrative judge's decision in this regard.

information, (2) her access to classified information was suspended, and (3) she was provided with the procedural protections specified in 5 U.S.C. § 7513.[5]  *Id.* The Board also will consider whether the agency provided the appellant with minimum due process in taking the indefinite suspension action and whether the agency provided the procedural protections required under its own regulations.  *Id.*

The appellant asserts on review that the agency committed harmful error because, among other things, the deciding official refused to consider certain documents that she submitted in her reply.  PFR File, Tab 1 at 5, 9, 11.  Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have

_____

[4] Although not raised by the appellant on review, the administrative judge appeared to use the terms "security clearance" and "access to classified information" interchangeably in the initial decision.  The Board has noted that the term "security clearance" refers to a determination that a person is eligible for access to classified information.  *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 2 n.1 (2015).  The issuance of a security clearance is distinct from the determination to grant access to classified information, which is made solely on the basis of the individual's need for classified information in order to perform official duties.  *Id.*  Although clearance determinations are within the purview of an authorized adjudicatory agency, such as the CAF, access to classified information is granted by local command to cleared individuals on a need-to-know basis.  *Id.*  In this matter, the deciding official testified that when the agency locally suspended the appellant's access to classified information, the matter was "automatically referred" to the CAF, and her security clearance was suspended indefinitely until the CAF adjudicated it.  HT at 15 (testimony of the deciding official).  The administrative judge's error in this regard is not prejudicial to the appellant's substantive rights and provides no basis for reversal of the initial decision, *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984), because the same analytical framework is utilized regardless of whether the adverse action is based on the suspension of access to classified information or the denial, revocation, or suspension of a security clearance.  *Compare Palafox*, 124 M.S.P.R. 54, ¶ 8, *with Rogers*, 122 M.S.P.R. 671, ¶ 5.

[5] The statute at 5 U.S.C. § 7513(b) states that an employee against whom an action is proposed is entitled to  (1) at least 30 days' advance written notice stating the specific reasons for the proposed action, (2) a reasonable time to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer, (3) the opportunity to be represented, and (4) a written decision and the specific reasons that the action was taken at the earliest practicable date.

caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); 5 C.F.R. § 1201.4(r). The appellant has not persuaded us that the deciding official committed any error, let alone harmful procedural error.

In the decision letter, the deciding official acknowledged that the appellant provided him with an 85-page submission, which he said "appear[ed] to be selected provisions that [she] may or may not have cut and pasted" from other documents. IAF, Tab 9 at 66. The deciding official explained that because the submitted documents were "not the original documents and are not in their original format," he did not consider them as "credible documentary evidence." *Id.* The deciding official also stated that the documents themselves were not relevant because they addressed events that occurred from before June 2012, several years before the relevant events in this matter. *Id.* The appellant has not persuaded us that the deciding official had any obligation to credit her submission under these circumstances. Even if we assumed for the purposes of our analysis that the deciding official somehow erred in this regard, the appellant has not proven how the deciding official would have reached a different conclusion in the absence or cure of the error.

The appellant also appears to challenge the deciding official's failure to consider alternatives to an indefinite suspension without pay. PFR File, Tab 1 at 9. However, she has not identified any statute or regulation that requires the agency to continue her in a pay status during the pendency of the adjudication of her access to classified information.

The appellant also asserts that the agency treated comparator employees differently.[6]  *Id.* at 5-11.  It is unclear if the appellant's claim arises in the context of a claim of discrimination or retaliation for previous equal employment opportunity (EEO) activity, or in the context of a claim that the agency or the administrative judge improperly failed to consider the penalty factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981), in particular, the consistency of the penalty with those imposed upon other employees for the same or similar offenses.  In either context, this argument is unavailing because the Board does not consider claims of discrimination or retaliation or a challenge to the *Douglas* penalty factors in an appeal of an indefinite suspension based upon the suspension of access to classified materials.[7]  *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶ 9 (2010), *aff'd*, 459 F. App'x 916 (Fed. Cir. 2011); *see Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1372-73 (Fed. Cir. 2015) ("[D]ecisions . . . considering or mentioning a *Douglas* mitigation analysis

---

[6] The appellant contends that the agency failed to provide her with certain information regarding comparator employees and the administrative judge would not allow the comparators to testify.  PFR File, Tab 1 at 10; IAF, Tab 31 at 2.  The administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious.  *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985).  Moreover, the appellant has not demonstrated any prejudice because, for the reasons described herein, the Board does not have the authority to consider her claims of disparate treatment.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that a procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

[7] In the initial decision, the administrative judge noted that the Board has declined to consider the *Douglas* penalty factors in cases involving adverse actions based on security clearance or eligibility determinations where an employee has not been provided a substantive right to reassignment through statute or regulation.  ID at 4 (citing *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 15 (2014)).  He further noted that the appellant identified no statute or regulation providing her with a substantive right to reassignment to a position not requiring a security clearance or access to classified information, and the deciding official testified that he was not aware of any such requirement in agency regulations, but he nevertheless voluntarily sought to find another position for the appellant that did not require access to classified information.  ID at 6, 8-9 & n.3.  The appellant does not appear to specifically challenge these findings on review, and we find no reason to disturb them.

have involved penalties for misconduct rather than loss of a required qualification for a position.").

The appellant also contends that the administrative judge should not have dismissed her appeal because she is a whistleblower, PFR File, Tab 1 at 4, but the Board similarly lacks the authority to adjudicate such an affirmative defense in this matter, *see, e.g., Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 10 & n.5 (2014).

The appellant further asserts that the administrative judge erred in applying the factors for evaluating credibility as set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453 (1987), and erred in concluding that the deciding official was not biased against her because he had been involved in her prior EEO and whistleblower reprisal complaints. PFR File, Tab 1 at 8-9. In *Hillen*, 35 M.S.P.R. at 458, the Board set forth a nonexhaustive list of factors for administrative judges to consider in assessing witness credibility, including a witness' bias or lack of bias. The administrative judge, who heard testimony from the deciding official, found no evidence of actual bias, ID at 7-8, and his credibility determinations must be deemed to be at least implicitly based upon witness demeanor, *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). Moreover, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant's general allegations on review do not provide a reason for disturbing the administrative judge's finding that the deciding official was not biased against her. *See, e.g., Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) ("The [administrative judge's] findings about Mr. Purifoy's propensity for rehabilitation are necessarily intertwined with issues of credibility

and an analysis of his demeanor at trial, and they deserved deference from the Board."). Thus, this argument is without merit.

We have considered the appellant's remaining arguments on review, but a different outcome is not warranted. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.